Points Decided.

(September 25, 1911.)

## THOMAS KING, Appellant, v. H. H. SEEBECK, Respondent.

[118 Pac. 292.]

MOTION TO DISMISS—APPEAL—MOTION TO STRIKE—REAL ESTATE—CON-
TRACT FOR SALE OF—STATUTE OF FRAUDS—CONTRACT IN WRITING—
PART PERFORMANCE—EXCLUSION OF EVIDENCE—NONSUIT—CONSID-
ERATION—FORFEITURE OF CONTRACT.

(Syllabus by the court.)

1. Under the provisions of sec. 4809, Rev. Codes, the undertak-
ing on appeal must be in writing, and if it be insufficient or defec-
tive in any respect, such insufficiency or defect must be deemed
waived unless the respondent within twenty days after the filing of
such undertaking shall file and serve upon the appellant or his attor-
ney a notice in writing, pointing out specifically the defects or in-
sufficiencies of such undertaking, and no such insufficiency or defect
shall be subsequently urged against the undertaking.

2. Certain papers *held* not to be a part of the transcript.

3. Under rule 20 of the rules of this court, a paper when once
inserted in the transcript must not be repeated unless the adverse
party claims that such paper is incorrect as first inserted, and when
found once in any part of the transcript, it is sufficient to refer to
it as having been already inserted therein.

4. Where K. made a contract with S. for the purchase of real
estate and in pursuance thereof S. executed a bond for a deed to
K., and K. thereafter did not meet the payments for said land as
specified in the bond, and S. thereafter undertook to sell the land
to other parties and an oral agreement was entered into between
K. and S. that in case said land could be sold for the contract price
between K. and S., S. would pay to K. the amount of money that
he had already expended in making payments on said land, and the
land was thereafter sold by S., and S. paid to K. $300 on said last-
named contract, it was error for the court to reject evidence tending
to show those facts.

5. *Held*, that said contract does not come within the provisions
of sec. 6007, Rev. Codes.

6. Under the provisions of sec. 6008, Rev. Codes, the provisions
of sec. 6007 must not be construed to abridge the power of any

court to compel the specific performance of an agreement made in regard to the sale of real estate in case of part performance thereof.

7. *Held,* that there was a sufficient consideration for the contract sued on.

8. The mere fact that a contract in which time is made of its essence provides for a forfeiture upon failure to perform will not of itself cause a forfeiture of the contract by failure on the part of one of the parties to perform promptly according to its terms. There must be a declaration or some acts or conduct of forfeiture made by the party to the contract claiming the benefit of the forfeiture.

9. *Held,* that under the forfeiture clause contained in the bond, the respondent did not exercise his right of forfeiture, and that he treated the contract or bond for a deed as though the same had not been forfeited.

APPEAL from the District Court of the Fourth Judicial District for Twin Falls County. Hon. Edward A. Walters, Judge.

Action to enforce a contract. Nonsuit granted and judgment of dismissal entered. *Reversed.*

John E. Davies, for Appellant.

Forfeitures are not looked upon with favor by the law, and if enforced, the circumstances must be such as to preclude any waiver of the right to enforce the same. All of the conditions necessary to bring about a forfeiture must have been fulfilled, and the party claiming the benefit of a forfeiture must show himself to be clearly within the terms of the instrument, and he must act promptly in asserting his claim to a forfeiture. (*Cue v. Johnson,* 73 Kan. 558, 85 Pac. 598; *Forest City Ins. Co. v. Hardesty,* 182 Ill. 39, 74 Am. St. 161, 55 N. E. 139; *Grigg v. Landis,* 21 N. J. Eq. 494; *Robinson v. Cheney,* 17 Neb. 673, 24 N. W. 378; *Gray v. Perry,* 25 Or. 1, 34 Pac. 691, 38 Pac. 1091; *Missouri K. & T. Ry. Co. v. Pratt,* 64 Kan. 118, 67 Pac. 464; *Insurance Co. v. Norton,* 96 U. S. 234, 24 L. ed. 689; *Knarston v. Manhattan Life Ins. Co.,* 124 Cal. 74, 56 Pac. 773.)

"A written contract may be waived either directly or inferentially, and such waiver may be proved by express direc-

tion, or by acts and directions manifesting an intention not to claim the supposed advantage, or by a course of acts and conduct, or by so neglecting and failing to act, as to induce a belief that it was the intention and purpose to waive.'' (*Hilton v. Hanson*, 101 Me. 21, 62 Atl. 797; *Titus v. Insurance Co.*, 81 N. Y. 419; *Hanley v. Association*, 4 Mo. App. 253; *Claudius v. West End Amusement Co.*, 109 Mo. App. 346, 84 S. W. 354; *Clark v. West*, 193 N. Y. 349, 86 N. E. 5; *Polk v. Western Assur. Co.*, 114 Mo. App. 514, 90 S. W. 397; *Sheldon v. Dunbar*, 200 Ill. 490, 65 N. E. 1095; *Henderson Bridge Co. v. O'Connor*, 88 Ky. 303, 11 S. W. 18, 957; *Gray v. Perry*, 25 Or. 1, 34 Pac. 691, 38 Pac. 1091.)

An estate or interest in lands is created or surrendered by operation of law, when the interest is created or surrendered by implication from the acts and conduct of the parties. Such inference may be drawn from anything which amounts to an agreement on the part of one of the parties to surrender his interest in the lands and of the other to take possession of the same. (*Hart v. Pratt*, 19 Wash. 560, 53 Pac. 711; *Copper v. Fretnoransky*, 16 N. Y. Supp. 866; *Smith v. Pendergast*, 26 Minn. 318, 3 N. W. 978.)

Part performance of an oral contract by one of the parties to it will also take it out of the operation of the statute, and especially is this true where a party has been put in possession of the lands with reference to which the contract was made. (*Browder v. Phinney*, 30 Wash. 74, 70 Pac. 264; *Sathre v. Rolfe*, 31 Mont. 85, 77 Pac. 431.)

A performance of such contract by one of the parties to it, so that it is wholly performed on his part, takes the contract without the operation of the statute of frauds. (*Hill v. Den*, 121 Cal. 42, 53 Pac. 642.)

Sweeley & Sweeley, for Respondent.

If the story of appellant is true, then instead of abandoning his contract he made a new deal with respondent, by which the respondent was to pay him a certain amount for a release of the land, and such a sale and release cannot be proved by parol, for evidence of a parol agreement to vary the

terms of a written contract cannot be received, and a contract relating to the surrender or transfer of an interest in real estate is within the statute of frauds, and cannot be modified by parol. (Wigmore on Ev., sec. 2455; 11 Ency. of Ev. 262, 263; *Swain v. Seamens*, 9 Wall. (U. S.) 254, 19 L. ed. 554; *Abell v. Munson*, 18 Mich. 306, 100 Am. Dec. 165, and note; *Richardson v. Johnson*, 41 Wis. 100, 22 Am. Rep. 712; *Darling v. Butler*, 45 Fed. 332, 10 L. R. A. 469; *Esslinger v. Pascoe*, 129 Iowa, 86, 105 N. W. 362, 3 L. R. A., N. S., 147; *Millard v. Hathaway*, 27 Cal. 119, 144; *Thill v. Johnston*, 60 Wash. 393, 111 Pac. 225; *Gallagher v. Mars*, 50 Cal. 23.)

Part payment of the purchase price is not of itself sufficient part performance to warrant a decree for the specific performance of an oral agreement for the sale of land. (12 Ency. of Ev. 27, note 6, 28; 26 Am. & Eng. Ency. of Law, 54; *Forrester v. Flores*, 64 Cal. 24, 28 Pac. 107; *Ross v. Cook*, 71 Kan. 117, 80 Pac. 38; *Thill v. Johnston*, 60 Wash. 393, 111 Pac. 225; *Davis v. Judson* (Cal.), 113 Pac. 147; *Cooper v. Colson*, 66 N. J. Eq. 328, 105 Am. St. 660, 58 Atl. 337, 1 Ann. Cas. 997.)

A formal declaration of forfeiture was not necessary, and it was not required of Seebeck that he notify King of his intention to hold the bond forfeited. (*Prairie Development Co. v. Leiberg*, 15 Ida. 379, 98 Pac. 616.)

SULLIVAN, J.—This action was commenced to recover the sum of $708.51 and interest on an alleged contract arising out of the following facts: On the 12th day of March, 1908, the respondent entered into an agreement with the appellant whereby he agreed to convey to him the southeast one-fourth of the southeast one-fourth of section 12, township 10 north, range 17 east, B. M., in Twin Falls county, the appellant agreeing to pay therefor the sum of $2,820 in instalments. Said written contract contained, among others, the following provisions: "Failure to make said payments when the same should be made shall work a forfeiture of all previous payments, such payments to be held by the first party as rent for said premises, and without any recourse by the second party."

The contract or bond for deed specified the dates and amounts of the payments as follows: $200, cash in hand; $625, May 21, 1908; $500, December 1, 1908; $500, June 1, 1909; $500, December 1, 1909, and $475, June 1, 1910. Said contract also required the appellant to pay all taxes and assessments and all payments required to be made on a water contract for said land. It appears that the appellant made the cash payment of $200 and the payment of $625, which matured May 1, 1908. It also appears that the appellant paid on the water contract covering the land $132.80 on June 12th, 1908, and on December 28th of the same year paid taxes amounting to $17.71.

The appellant has alleged in his complaint the execution and delivery of said bond for deed and the payments made by him thereunder; he further alleges that in the month of April, 1909, the parties entered into an agreement whereby the appellant agreed to release the respondent from all the obligations of said bond or contract in consideration that the respondent pay or cause to be paid back to the appellant all of the moneys received by said respondent which had been paid by the appellant in connection with said contract, including the payments made to the respondent and the payment made on the water contract and the taxes, amounting in all to $975.51, which sum it is alleged the respondent agreed to pay the appellant immediately upon his selling the said land. It is alleged that the appellant, in consideration of the promises made by the respondent in said agreement, did release the defendant from all obligations under said bond or contract, and that the respondent accepted such release, and relying thereon sold said land on the 23d of August, 1909, to one Spencer, and that in part performance of the conditions to be performed under the terms and conditions of said last-mentioned agreement the respondent. on or about September 15, 1909, paid to the appellant the sum of $300 as part payment on said $975.51, leaving a balance due of $675.51, for which sum, with interest, the appellant sought by this action to recover judgment. The respondent answered, admitting the execution and delivery of said bond for deed, and denying that he ever entered into any contract whereby he agreed,

upon the sale of said land, to pay to the appellant the sum of $975.51, or any other sum, that being the amount that appellant had expended in connection with said land, and denying specifically that he paid appellant $300 as part payment of said sum; but avers that he loaned appellant said sum and avers that the appellant failed to make the payment of $500 which became due on December 1, 1908, and that by reason of his failure to make said payments, all of the amounts so paid by him were forfeited by reason of such default, and became the absolute property of the respondent, and were by him applied as rent for said premises in accordance with the terms of said bond agreement, and that by reason of appellant's failure to make said payments when they became due, all of his rights and interest in said premises thereby became forfeited and extinguished; and that if said agreement for the release of said respondent from the terms of said bond were ever made, it was entirely without consideration and void and unenforceable.

Upon the issues as made by the pleadings the case was tried by the court without a jury and at the close of plaintiff's evidence, on the motion of counsel for respondent, a nonsuit was granted and judgment of dismissal entered. The appeal is from the judgment.

1. Counsel for respondent has filed a motion to dismiss the appeal, based on the ground that the appeal is from the entire judgment, which consists of three parts, and as the undertaking on appeal refers to but two points decided in said judgment, the undertaking is sufficient as to them but is not sufficient as to the third question decided therein, to which it does not refer.

Under the provisions of sec. 4809, Rev. Codes, the undertaking must be in writing, and it is provided that if any undertaking be insufficient or defective in any respect, such insufficiency or defect shall be deemed waived unless the respondent, within twenty days after the filing of such undertaking, shall file and serve upon the appellant or his attorney a notice in writing, pointing out specifically the defects and insufficiencies of such undertaking, and that no defect or in-

sufficiency not thus specifically pointed out shall subsequently be urged against the undertaking. Under the provisions of this section said motion to dismiss must be denied, for the reason that no objection was taken to said undertaking within twenty days after it was filed. It was filed on March 13, 1911, and no objection was made thereto until August 24, 1911.

2. Counsel moves to strike out of said transcript the affidavit of attachment, undertaking on attachment, the writ of attachment and the return to the writ of attachment, and notice of levy on real estate under the attachment (which papers are included in said transcript from folio 19 to and including folio 36), for the reason that the same are no part of the judgment-roll or of the transcript. Under the provisions of sec. 4456, Rev. Codes, as amended by Laws of 1909, p. 76, in cases where the defendant appears and answers, the judgment-roll is composed of the pleadings, a copy of the verdict of the jury or findings of the court or referee, a copy of any order made on demurrer or relating to a change of parties, and a copy of the judgment. As said papers were not contained in a bill of exceptions and are no part of the judgment-roll, they are not properly a part of the transcript on this appeal, and must be stricken out.

Counsel also moves to strike out that part of the transcript beginning on p. 27, entitled a "Copy of Plaintiff's Exhibit A," for the reason that said paper appears in another part of the transcript as an exhibit to the complaint. Under the provisions of Rule 20 of the rules of this court, papers when once inserted in the transcript must not be repeated, unless the adverse party claims that they are incorrect as first inserted, and when found once in any part of the transcript, it is sufficient to refer to them as having been already inserted in the transcript. Under the provisions of said rule said paper should not have been inserted a second time in the transcript, and must therefore be stricken out.

3. The errors assigned relate to the rulings of the court in excluding certain testimony offered on the trial, and in sustaining the motion for a nonsuit. On the trial the appellant produced and offered in evidence the original contract or bond

for the sale of said real estate and evidence of the amount he had paid to the respondent on the purchase price of the land, the payments he made on the water contract, and the taxes. He further testified that as the payment of December, 1908, was drawing due, he saw the respondent and told him that his crops had almost failed, and that he was not able to meet the payment that was coming due on that date. It also appears that the respondent advised him to see a Mr. Rogers and see if he would help him out, and the respondent also advised him to sell the land, saying he would do anything he could to help the appellant sell and get the money. Thereupon the appellant listed the land with certain real estate agents, authorizing them to sell it. After testifying to the foregoing facts, the appellant sought to establish by parol testimony the alleged agreement of April, 1909. Objections were interposed on the ground that the testimony was immaterial, that it was in opposition to the statute of frauds, as under them said agreement could not be proved by oral evidence. Offers were then made by counsel for appellant to introduce testimony to establish the alleged agreement of April, 1909. Under the objection of counsel this testimony was excluded by the court on the ground that it came within the statute of frauds and could not be proven by parol evidence. Thereupon appellant rested the case and the court sustained respondent's motion for a nonsuit, and judgment for dismissal was entered.

The main objection to the introduction of said testimony which the court sustained was that the contract sought to be proved related to real estate and came within the provisions of the statute of frauds, sec. 6007, Rev. Codes, which is as follows:

"No estate or interest in real property, other than for leases for a term not exceeding one year, nor any trust or power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument in writing, subscribed by the party creating, granting,

assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing.''

And it is contended that as this action grew out of a real estate deal, the evidence offered was properly rejected by the court. The appellant had possession of the real estate referred to, and it appears from the evidence offered and rejected that he was unable to make the payments in accordance with the written contract, and that the owner was willing to pay him back the money that he had expended on the contract in case a sale of the land could be made, and the appellant placed the real estate in the hands of real estate men for sale, and also the respondent agreed to try and sell the same, which he did, and paid the appellant $300 on the contract sued on. The evidence offered shows that appellant put the respondent in possession of said land, and that it was mutually understood that efforts would be made to sell the land, and if it was sold, the appellant would be paid back what he had expended in connection therewith. The contract had been made, the possession delivered to the respondent, and so far as appellant was concerned he had done and performed everything agreed to be done and performed by him. He had raised no objection to the sale of the premises and released whatever claim or interest he had therein and gave the respondent possession. On his part the contract had been fully complied with, and according to the evidence offered, $300 was paid on the contract by the respondent. Then, conceding that the contract sued on is a contract in regard to real estate, under the provisions of sec. 6008, Rev. Codes, the court erred in not admitting the evidence offered. Said sec. 6008 provides that sec. 6007 must not be construed to affect nor to abridge the power of any court to compel the specific performance of any agreement in case of part performance thereof.

We are aware that certain courts have held under provisions of a statute similar to that last quoted, that if one party to a contract had performed wholly the part to be performed by him, then the contract would not come within the provisions of said section, as that section empowers a court to compel the specific performance of such agreements as have only

been partly performed by one party. We cannot follow that line of authorities. For instance, they hold that if a man pays half of the purchase price for land, he then may enforce his contract; but if he has paid the entire purchase price, he cannot enforce the contract. We think that the provisions of that section apply to cases where the contract has been performed either wholly or in part by the party seeking to enforce it. This court held in *Havlick v. Davidson,* 15 Ida. 787, 100 Pac. 91, that an oral contract for the conveyance of real property may be enforced and is binding upon the parties thereto, and is not within the statute of frauds where there is a partial or complete performance of the same. We therefore hold that since the evidence offered tended to prove that appellant had performed all of the conditions of the contract to be performed by him, it ought to have been received by the court.

4. It is next suggested that there is no consideration for the contract sued on. We cannot agree with that contention, since the appellant was in possession of the land, and it would have required an action to evict him if he had refused to surrender it. We think the surrender of the premises was a sufficient consideration for the contract.

5. Said bond for a deed contained the following provision, to wit: "A failure to make such payments when the same should be made shall work a forfeiture of all previous payments and such payments to be held by the first party as rent for said premises and without any recourse by the second party," and it is contended that on December 1, 1908, said provision worked a forfeiture of all previous payments. We cannot agree with that contention. It is not contended that respondent declared a forfeiture, and it is a well-recognized rule that forfeitures are not looked upon with favor by the law. It appears under the evidence offered on the part of the appellant that respondent waived any right he had to a forfeiture of the contract or bond by expressly agreeing or stipulating that the appellant might have an extension of time in which to pay that instalment. Before that instalment was due the appellant saw the respondent and informed him that

he would be unable to make payment thereof when due, and the respondent gave him such extension by advising him to try and sell the land, which the appellant attempted to do. The evidence further shows that said instalment had not been paid as late as April, 1909, when the contract sued on was made, and there is nothing to show that the respondent had in any manner declared a forfeiture of the bond or had taken any steps to enforce a forfeiture up to that time, but had encouraged the appellant to try and sell the land and save to himself what he had paid. It appears from the evidence offered that both the respondent and appellant had treated the bond for a deed as being in full force and effect. The mere fact that a contract in which time is made of its essence provides for a forfeiture upon failure to perform will not of itself cause a forfeiture of the contract by failure on the part of one of the parties to perform promptly according to its terms. There must be a declaration of forfeiture made by the party to the contract claiming the benefit of the forfeiture clause, or acts or conduct amounting to that.

In the case of *Cue v. Johnson,* 73 Kan. 558, 85 Pac. 598, which was a case somewhat like the one under consideration, the court said:

"It seems to be a well-established rule in such cases that the party claiming the benefit of a forfeiture must show himself to be strictly within the terms of the instrument which confers that right. He must act promptly in asserting his claim and his acts relating thereto must be positive, unequivocal, and inconsistent with the continuance of the contract. . . . . We find that the plaintiff by his conduct at and about May 2, 1904, when the forfeiture is claimed to have occurred, waived his right thereto. When the defendant informed the plaintiff that he was unable to pay, and wanted more time, stating that he thought he could possibly raise the money by Thursday or Friday, and if he could would return with it on Saturday, the plaintiff, if then determined to insist upon the forfeiture, ought to have said so in positive and unequivocal terms. He ought to have informed the defendant that he need not make any effort to raise money as the time had

passed, and the money would not be received on Saturday if tendered. On the contrary, he carefully refrained from giving express consent to further time, but in his own mind did consent and decided to wait until Saturday, and then take the money if offered, and if not, take back the unexpressed consent and waiver formed in his own mind and insist upon the forfeiture. He permitted the defendant to engage in another effort to raise the money in the belief that if secured the plaintiff would accept it. This attempt to hold on to the forfeiture and waive it does not show such candor and fairness as the circumstances demanded. He ought to be held to this waiver.''

In the case at bar the respondent did not in any manner, so far as the evidence shows, exercise his right of forfeiture. But if the evidence offered be true, he gave the appellant an extension of time in which to sell the property if he could. He treated the contract or bond for a deed as though the same had not been forfeited.

This appeal has been prosecuted upon the theory that the court erred in rejecting certain testimony offered by the appellant, and in granting a nonsuit, and it is upon that theory alone that the case has been decided. The court holds that the trial court erred in rejecting the offered testimony and in granting a nonsuit, and a new trial is granted and the cause remanded, with instructions to try the case anew in accordance with the views expressed in this opinion. Costs are awarded to appellant.

Stewart, C. J., and Ailshie, J., concur.