(February 17, 1922.)

WALTER LOTT, Respondent, v. B. M. ANDERSON, Appellant.

[204 Pac. 673.]

LAND SALE CONTRACT—FORFEITURE—DEFAULT.

1. A vendor in a contract of sale which does not provide that time is of the essence, nor stipulate for a forfeiture on failure to pay the price, is not entitled to maintain ejectment against the purchaser, who has paid a part of the price and has taken possession, because of his failure to pay the balance, without showing an abandonment of the contract.

2. A party claiming a forfeiture of payments made by a vendee in a land sale contract must show by clear and satisfactory proof that such forfeiture comes within the terms of the contract.

APPEAL from the District Court of the Fourth Judicial District, for Cassia County. Hon. William A. Babcock, Judge.

Action to obtain decree forfeiting all rights of purchaser under land sale contract. From decree for plaintiff, defendant appeals. *Reversed.*

Rogers & Morris, for Appellant.

Even where time is made the essence of a contract in writing, yet it does not in the absence of gross misconduct upon the part of the promisor hold him to a strict account. (*Durant v. Comegys,* 3 Ida. 204, 28 Pac. 425.)

"Courts of equity have no power or jurisdiction to construct or reconstruct an executory contract for the parties thereto, or to insert therein a new and essential element or matter that is required by the statute to be reduced to writing in order to make the contract valid and binding." (*Allen v. Kitchen,* 16 Ida. 133, 18 Ann. Cas. 914, 100 Pac. 1052, L. R. A. 1917A, 563.)

Courts of equity will not aid a complainant in an ejectment suit, but relegate him to his remedy at law. (*Atlantic Delaine Co. v. James,* 94 U. S. 207, 24 L. ed. 112.)

Peterson & Coffin, for Respondent.

Right of possession in the plaintiff at the time of the commencement of the action and a withholding by the defendant at the same time is all that is necessary to be established in order to entitle the plaintiff to recover. (*Froman v. Madden,* 13 Ida. 138, 88 Pac. 894.)

Plaintiff could recover in ejectment, and whatever cause of action the defendant had to recover the purchase money and value of the improvements was no defense. (*Haile v. Smith,* 128 Cal. 415, 60 Pac. 1032; *Howard v. Hewitt,* 139 Cal. 614, 73 Pac. 414; *Connolly v. Hingley,* 82 Cal. 642, 23 Pac. 273; *Hoffman v. Remnant,* 72 Cal. 1, 12 Pac. 804; 15 Cyc. 74.)

DUNN, J.—This action was brought by respondent to obtain a decree forfeiting all rights of appellant under a certain contract between appellant and one Bray for the purchase by appellant of 80 acres of land in Cassia county, together with $2,300 paid thereon by appellant, and to obtain possession of said land.

The complaint alleges that on Nov. 27, 1917, Bray was the equitable owner of, in possession of, and entitled to the possession of 80 acres of land in Cassia county purchased from the state of Idaho under certain certificates numbered 1266 and 1267, and that on or about said date said certificates were duly assigned to the Burley State Bank as security for indebtedness then owing by Bray to said bank.

That on or about March 16, 1918, while said Burley State Bank was still holding said certificates as security, Bray, by and with the consent of said bank, entered into a certain agreement, partly oral and partly written, with appellant in which Bray agreed to sell and appellant agreed to buy said land for the sum of $12,500, $1,500 of which was to

be paid in cash before April 1, 1918, $5,000 on Oct. 1, 1918, the appellant to assume and pay a mortgage on said land amounting to $5,500, with accrued interest. In addition to these payments it is alleged that appellant agreed to discharge all payments still owing to the state of Idaho on said land and to pay all taxes and water, construction and maintenance charges levied and assessed on said premises during the year 1918 and all subsequent years until said purchase price had been fully paid; that he would pay said Bray interest at 10 per cent per annum upon all deferred payments, and that he would on or before April 1, 1918, secure the payment of said $5,000 by a crop mortgage and by a chattel mortgage upon his livestock and farm implements and machinery; that time should be of the essence of said agreement, and that if appellant should fail to make such payments promptly at the time agreed upon or fail to comply promptly with the other terms of said agreement appellant would peaceably surrender said premises to Bray and forfeit to him all money theretofore paid under said agreement. It is also alleged that as a further part of said agreement appellant promised that he would on or about April 1, 1918, make a written agreement with Bray embodying the terms above specified. That appellant entered into possession of said premises under said agreement and has continued in possession ever since, but that he has continually refused and still refuses and fails to execute and deliver the said crop and chattel mortgages, and has wholly failed and refused to make the written agreement which he promised to make, and has wholly refused, failed and neglected to make any of the payments that he agreed to make except the sum of $2,300, and has wholly refused, failed and neglected to pay the taxes, water, construction and maintenance charges or any part thereof levied against said premises for the year 1918, and that said appellant has thereby wholly forfeited all his rights in and to said premises by virtue of said agreement; that on Feb. 4, 1919, the said bank, with the consent of the said Bray, for a valuable consideration sold,

assigned and transferred to one William J. Johnson the said certificates, the proceeds of which assignment were then and there by said bank paid to the said Bray, and that on or about Feb. 5, 1919, the said Johnson conditionally sold and conveyed said premises to respondent; that prior to the commencement of this action respondent's predecessors in interest declared to appellant his forfeiture of said agreement with said Bray and demanded of appellant possession of said premises, which forfeiture appellant then and there acknowledged, and that appellant agreed to surrender possession of said premises, but that he has refused and still refuses to deliver possession thereof.

Respondent prayed for a decree forfeiting all rights of defendant under said agreement and all money paid thereon by appellant and awarding respondent possession of said premises.

Appellant admits the contract to purchase the land for the price alleged in the complaint, but he denies that he assumed the other payments set out, or that time was to be of the essence of the contract, or that he agreed in case of his default to forfeit his rights under the contract or the payments made by him. He alleges also certain provisions of an oral contract not necessary to be considered here.

The trial resulted in a decree as prayed for, from which appeal has been taken.

Appellant assigns a large number of errors, but it will not be necessary to deal with them at length. Respondent rests his claim to possession of the premises on the contract made between appellant and Bray, and we take it that he is in no better position to recover than Bray would have been if this action had been brought by him.

The written contract referred to in the pleadings and admitted by both parties reads as follows:

"This agreement made and entered into this 16th day of March, 1918, between George Bray, party of the first part, and B. M. Anderson, party of the second part, Witnesseth:

"That the party of the first part agrees to sell and the

party of the second part agrees to buy the following described land, to wit: The west half of the north quarter of Section 14, Township 11, Range 23 E. B. M. in Cassia County, Idaho, for the sum of $12,500, as follows: $1,500 cash and the balance to be paid according to an agreement to be made when on or before April 1st, 1918.

"As a part consideration the party of the second part hereby pays to the party of the first part the sum of $50 the receipt whereof is hereby acknowledged by said first party.

"In witness whereof, the parties hereto have hereunto set their hands and seals this 16th day of March, 1918.

"GEORGE BRAY.

"B. M. ANDERSON.

"Witness: SCOTT GUDMUNDSEN."

The language of the contract is plain and unambiguous. The effect of introducing the matters pleaded as embraced within the oral portion of the contract was to vary, add to and modify the terms of the written contract, which was in itself complete, except the sole provision that a further agreement should be made on or before April 1, 1918, as to the payment of the balance of the purchase price. This cannot be done. (22 C. J., p. 1098, sec. 1459, and the long line of cases there cited.)

Under this contract appellant entered into possession of the land, paid in all $2,300 on the purchase price, but was in default when this action was commenced. It will be observed that the written contract does not provide that time shall be of the essence, nor does it provide for a forfeiture of payments already made in case of default. No offer is made to return to Anderson what he has paid or the notes he has given. "A forfeiture is a harsh remedy, and will not be allowed except under clear proof of the breach of the terms of the contract upon which such forfeiture was to be declared." (*Harris v. Reed,* 21 Ida. 364, 121 Pac. 780; *King v. Seebeck,* 20 Ida. 223, 118 Pac. 292; *Robinson v. Cheney,* 17 Neb. 673, 24 N. W. 378, 382; *Forest City Ins.*

*Co. v. Hardesty,* 182 Ill. 39, 45, 74 Am. St. 161, 55 N. E. 139.)

Respondent pleads the entry of appellant into possession under and by virtue of this contract and his continuance in possession up to the time of the bringing of this action. This is an admission of constructive notice of the title of appellant. (39 Cyc. 1747b.)

"A vendor in a contract of sale which does not provide that time is of the essence, nor stipulate for a forfeiture on failure to pay the price, is not entitled to maintain ejectment against the purchaser, who has paid a part of the price and has taken possession, because of his failure to pay the balance, without showing an abandonment of the contract." (*Brixen v. Jorgensen,* 28 Utah, 290, 107 Am. St. 720, 78 Pac. 674.)

Our conclusion is that under the facts stated Bray could not maintain this action and that respondent is in no better position.

The judgment is reversed and the trial court directed to dismiss the action. Costs to appellant.

Rice, C. J., and McCarthy and Lee, JJ., concur.