(May 3, 1924.)

## FRED LaSHONSE, Appellant, v. JAMES HERRICK and A. S. REAMS, Respondents.

[225 Pac. 1019.]

UNLAWFUL DETAINER—VENDOR AND VENDEE—FORFEITURE—INTENT OF PARTIES—CONSTRUCTION OF WRITTEN CONTRACT.

A contract will not be construed as creating a right to a forfeiture unless such intention is clearly expressed by the language used.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action for unlawful detainer. Judgment for defendants. *Reversed.*

Sweeley & Sweeley, for Appellant.

The contract in controversy does not contain any provision for its forfeiture in the event of default on the part of the vendee. No right of forfeiture therefore exists. (*King v. Seebeck,* 20 Ida. 223, 118 Pac. 292; *Harris v. Reed,*

21 Ida. 364, 121 Pac. 780; *Lott v. Anderson,* 35 Ida. 87, 204 Pac. 673; *Brixen v. Jorgensen,* 28 Utah, 290, 107 Am. St. 720, 78 Pac. 674; *Kessler v. Pruitt,* 14 Ida. 175, 93 Pac. 965.)

John W. Graham, for Respondents.

Under the terms of the contract the defendant Reams had the lawful right to terminate the contract of sale on account of failure of appellant herein to make the payments on the dates specified in the contract. (*Machold v. Farnan,* 14 Ida. 258, 94 Pac. 170; *Prairie Dev. Co., Ltd., v. Leiberg,* 15 Ida. 379, 98 Pac. 616; *Papesh v. Wagnon,* 39 Ida. 93, 157 Pac. 775; *Bell v. Stadler,* 31 Ida. 571, 174 Pac. 129; *Smith v. °Krall,* 9 Ida. 535, 75 Pac. 263; *Hall v. Yaryan,* 25 Ida. 470, 138 Pac. 339; *Dineen v. Olson,* 73 Kan. 379, 85 Pac. 538; *Francis v. Shrader,* 38 Cal. App. 592, 177 Pac. 168; *Glock v. Howard & Wilson Colony Co.,* 123 Cal. 1, 69 Am. St. 17, 55 Pac. 713, 43 L. R. A. 199.)

McCARTHY, C. J.—This is an action of unlawful detainer, brought by appellant against respondent Herrick in the probate court to regain possession of certain farm land. Respondent Reams appeared as intervenor claiming the right of possession as owner of the property. Because the pleadings raised the question of title the case was certified to the district court, where it was submitted upon an agreed statement of facts as follows:

On the 26th day of July, 1918, appellant and respondent Reams and wife entered into a written contract by which appellant agreed to purchase, and respondent Reams and wife agreed to sell, certain real property. The purchase price was $7,600 for which appellant gave certain notes, among others one for $500 due November 1, 1918, one for $1,000 due July 1, 1919, and one for $1,000 due November 1, 1921. The contract further provided:

"Should default be made in the payment of any of said amounts of principal or interest for the space of 60 days after the same shall become due. all moneys theretofore paid

on account of this agreement by the party of the second part, shall, at the option of the said party of the first part, and without notice, become and be absolutely void and of no effect. Time is the essence of this agreement."

Upon the execution of said written agreement appellant took possession of said real estate and occupied and farmed it in the years 1919, 1920 and 1921. He paid intervenor, Reams, the $500 due on November 1, 1918, and $1,000 due on July 1, 1919. On October 27, 1919, he also paid interest on said purchase price up to November 1, 1919, but has made no further payments thereon. On November 12, 1921, intervenor gave appellant written notice that the $1,000 note of November 1, 1921, and also interest on all deferred payments were due and that, unless said payments were made on or before January 1, 1922, as per the terms of the contract, he would declare a forfeiture under said contract and retake possession of the premises. Appellant continued in peaceable possession until April 3, 1922. On that date, appellant being absent, intervenor went peaceably upon the premises in question for the purpose of taking possession thereof and on the same day put respondent Herrick in possession under a lease. April 5, 1922, appellant made a demand for surrender of said premises by serving a written notice on respondent Herrick stating that he was the owner of the land and entitled to immediate possession and that, on failure to surrender the premises within five days, suit would be commenced for unlawful detainer.

The district court concluded that respondents were entitled to possession of the premises and accordingly entered judgment in their favor. From that judgment this appeal is taken.

Of the several assignments of error we need consider only one, viz., that the court erred in rendering judgment for respondents because the contract does not provide for a forfeiture. The judgment can be sustained only on the ground that respondent Reams was entitled to forfeit appellant's rights under the contract. The provision of the contract upon which Reams bases his right to a forfeiture is the

one set forth in the statement of facts just above. This court has said:

"A forfeiture is a harsh remedy and will not be allowed except upon a clear proof of a breach of the terms of the contract upon which forfeiture was to be declared." (*Harris v. Red,* 21 Ida. 364, 121 Pac. 780.)

It has also said:

"A party claiming a forfeiture of payments made by a vendee in a land sale contract must show by clear and satisfactory proof that such forfeiture comes within the terms of the contract." (*Lott v. Anderson,* 35 Ida. 87, 204 Pac. 673.)

See, also, *King v. Seebeck,* 20 Ida. 223, 118 Pac. 292. A contract will not be considered as creating a right to a forfeiture unless such intention is clearly expressed by the language used. (*Helme v. Philadelphia Life Ins. Co.,* 61 Pa. St. 107, 100 Am. Dec. 621; *Webster v. Dwelling House Ins. Co.,* 53 Ohio St. 558, 53 Am. St. 658, 42 N. E. 546, 30 L. R. A. 719; *Hoffman v. Aetna Fire Ins. Co.,* 22 N. Y. 405, 88 Am. Dec. 337.) Such an intention is not clearly expressed in the contract involved in this case. Therefore respondent Reams did not have a right to forfeit appellant's rights under the contract for nonpayment. His remedy was to enforce his vendor's lien, or strict foreclosure.

The judgment is reversed and the cause remanded, with instructions to enter judgment for appellant. Costs to appellant.

Budge and Wm. E. Lee, JJ., concur.