H. D. READ, Respondent, v. FRED LA SHONSE, Defendant and Appellant, and A. S. REAMS and ADA L. REAMS, Defendants.

[261 Pac. 773.]

JUDGMENTS—RES ADJUDICATA—FORCIBLE ENTRY AND DETAINER—TREBLE DAMAGES WHEN.

1.   In action to foreclose as equitable mortgage a contract for the sale of real estate brought by vendor's assignee, former opinion in purchaser's action against plaintiff's assignor that assignor had no right to forfeit purchaser's right under contract for nonpayment is "law of case" on appeal from adverse judgment in foreclosure suit.

2.   Where vendor, having sold land on contract, entered premises under color of right because of purchaser's failure to make payments, purchaser was not entitled, under C. S., secs. 6960, 7335, on foreclosure of contract as equitable mortgage to damages in treble amount found due as rent.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action to foreclose as equitable mortgage a contract for the sale of real estate. Judgment for plaintiff. *Affirmed.*

Sweeley & Sweeley, for Appellant.

"Every person is guilty of a forcible detainer . . . . who in the night-time, or during the absence of the occupant of any lands, unlawfully enters upon real property, and who, after demand made for the surrender thereof, for the period

Publisher's Note.

1.   Law of the case on second appeal, see note in 34 L. R. A. 321. See, also, 2 R. C. L. 224 et seq.

2.   See 8 R. C. L. 609, 610.

.   See Forcible Entry and Detainer, 26 C. J., sec. 138, p. 864, n. 52.

..   Judgments, 34 C. J., sec. 1286, p. 875, n. 83.

of five days, refuses to surrender the same to such former occupant." (C. S., sec. 7321.)

"If a person recover damages for a forcible or unlawful entry in or upon, or detention of, any building or any cultivated real property, judgment may be entered for three times the amount at which the actual damages are assessed." (C. S., sec. 6960; *Tewksbury v. O'Connell,* 25 Cal. 262.)

"The jury fixes the single damages and the court will treble them." (*Barson v. Mulligan,* 191 N. Y. 306, 84 N. E. 75, 16 L. R. A., N. S., 151.)

As to the right of La Shonse to recover treble damages under the statute the following cases are cited: *Chisholm v. Weise,* 5 Okl. 217, 47 Pac. 1086; *Compton v. The Chelsea,* 139 N. Y. 538, 34 N. E. 1090; 11 R. C. L., p. 1180, sec. 37; *O'Callaghan v. Booth,* 6 Cal. 63; *Vatuone v. Cannobia,* 4 Cal. App. 422, 88 Pac. 374; *Alden v. Mayfield,* 33 Cal. App. 724, 166 Pac. 382; *Board of Public Service v. Spear,* 65 Cal. App. 214, 223 Pac. 423; *Eccles v. Union Pacific Coal Co.,* 15 Utah, 14, 48 Pac. 148.

Shad L. Hodgin, for Respondent, files no brief.

T. BAILEY LEE, J.—Plaintiff, H. D. Read, brought this action against the defendant, Fred La Shonse, to foreclose as an equitable mortgage a contract for the sale of real estate. The contract was made by defendant, as vendee, and A. S. Reams and wife, as vendors, and assigned by the latter to plaintiff.

Without setting forth at length the various allegations of the complaint, suffice it to say that plaintiff alleged a breach of the contract by defendant and his failure and refusal to keep and perform the covenants therein provided. He prayed for a judgment against the defendant for the unpaid purchase price and for a foreclosure of the contract, and asked that the land involved be sold to satisfy the amount found to be due.

[1] Defendant filed an answer and cross-complaint and in the latter set up a claim against A. S. Reams; where-

upon, the court, upon the application of defendant, ordered that Reams and his wife be made parties to the action. In his cross-complaint, defendant alleged that after the execution of the aforesaid contract he entered into possession of the land and continued in possession thereof until April 3, 1922, when, while temporarily absent from the premises, he was wrongfully and illegally dispossessed thereof by Reams and one Herrick, a lessee of Reams, who entered upon the land and took possession; that for the purpose of regaining possession of the premises, he, La Shonse, brought suit against Herrick in the probate court, wherein Reams intervened. The cause proceeded to this court, and from the opinion rendered on that appeal, *La Shonse v. Herrick,* 39 Ida. 67, 225 Pac. 1019, which is the law of the case here, it appears that under the contract of sale between La Shonse and Reams, the interest on all deferred payments and a $1,000 note had become due, and Reams gave La Shonse written notice that unless the same were paid on or before January 1, 1922, Reams would retake possession, which was subsequently done on April 3, 1922. This court held, on that appeal, that a contract will not be construed as creating a right to a forfeiture unless such intention is clearly expressed by the language used, and that Reams did not have a right to forfeit appellant's rights under the contract for nonpayment.

[2] The cause, on the instant appeal, was tried to the court, which allowed defendant a rental of $1,800, or $600 a year for three years, together with $39.90 costs on appeal to this court in the previous suit, making a total of $1,839.90, which was deducted from the amount found due plaintiff under the contract of sale. No treble damages were awarded by the court.

Appellant assigns as error the refusal of the court to permit the introduction in evidence of the judgment-roll and stipulation of facts in the former case of *La Shonse v. Herrick,* in not allowing appellant treble damages, and in over-ruling and denying appellant's motion for a new trial. He further states that the only question upon which the deci-

sion of this court is desired, and concerning which this appeal is prosecuted, is whether the appellant is entitled to have as damages treble the amount found due as rent.

Assuming that the judgment-roll and stipulation are in the record, and that they show a forcible entry and detainer, which was the motive for their introduction, the question stated must, nevertheless, be answered in the negative. Reams and Herrick peaceably entered upon the premises under what they believed was a correct interpretation of the contract in question. In the separate answers of both plaintiff and interveners to the cross-complaint of defendant, it is expressly alleged that Reams and Herrick entered upon said premises "under a color of right" and "by virtue of the terms of the contract."

The California court, in construing C. C. P., sec. 735 (identical with C. S., sec. 6960), and C. C. P., sec. 1174 (similar to C. S., sec. 7335), held, in *San Francisco etc. Society v. Leonard,* 17 Cal. App. 254, 119 Pac. 405, that the power given to the court to assess as damages treble the amount found due as rent was intended "to be exercised in those cases only where the evidence discloses that the defendant has committed the tortious act charged against him *wantonly or by oppression or with malice, express or implied.*"

And later, in *Orly v. Russell,* 53 Cal. App. 660, 200 Pac. 732, it was held that:

"As no evidence was introduced *showing any overt act* on the part of this defendant, far less was there any evidence *showing malicious acts* on his part, and there was no basis for awarding exemplary damages."

In *Baldwin v. Bohl,* 23 S. D. 395, 122 N. W. 247, the court said:

"As the court very properly found that as the defendant was holding possession of the property *under a claim of right,* he was not liable for the treble damages provided for in section 2322."

Under the facts and the law applicable to this case, the lower court correctly refused to award defendant treble

damages, and therefore did not err in overruling the motion for a new trial and in entering judgment, as to defendant, for the reasonable rental only.

Judgment and order affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.