212 P.2d 1027

## KNIGHT v. FOX CALDWELL THEATRES CORPORATION.

No. 7492.

Supreme Court of Idaho.

Dec. 16, 1949.

Rehearing Denied Jan. 9, 1950.

George Donart, Weiser, Walter Griffiths, Caldwell, for respondent.

Caldwell & Alexanderson, Caldwell, Edwin Snow, Boise, for appellant.

TAYLOR, Justice.

In December, 1936, the plaintiff, Mary D. Knight, and her husband, Grover C. Knight, now deceased, were the owners of the real property in the city of Caldwell known as the "Roxy Theater." They also owned a leasehold estate in the real property in Caldwell known as the "American Theater," which was owned by Martin Jensen and Mattie Jensen, husband and wife. By the terms of the last extension thereof the Knight lease on the American Theater would expire April 30, 1942. At that time one Will Steege, as a representative of an organization variously referred to as "Fox West Coast Theatres" and "Fox Intermountain Theatres," commenced and carried on negotiations with Mr. Knight for a long term lease upon both theaters. The Fox Intermountain Theatres had agreed with Steege that it would accept from him assignments of leases on both theaters, provided a further extension of time for five years from April 30, 1942, might be procured from Martin Jensen and wife of the lease on the American Theater. On December 11, 1936, Grover C. Knight entered into an agreement for the extension of his lease on the American Theater with Martin Jensen and wife. This agreement extended the Knight lease on the American Theater for a period of five years from the 30th day of April, 1942, to the 30th day of April, 1947. This extension agreement contained the following provisions: "It is also understood and agreed that it is the purpose of

the party of the second part to connect the American Theatre, the property covered by said original lease, with the Moving Picture Chain of the Fox West Coast Theatres, and for that purpose permission is hereby granted that said party of the second part may sub-let said property to representatives or agents of the said Fox West Coast Organization, who will so take over and run said theatre during the life of this said lease and extension hereby created. And in the event of the failure thereof within a period of two years from the date hereof, then this agreement shall in all effects and purposes be and become null and of no effect."

Thereafter, and on the 14th day of December, 1936, Grover C. Knight and Mary Knight executed a lease of both theaters to Will Steege "for a term of Ten (10) years, beginning the first day of January, 1937." This lease further provides: "It is understood and agreed that the lessee may freely assign this lease to a corporation, it being contemplated that it will be assigned to some subsidiary or affiliate of Fox Intermountain Theatres, Inc; * * *"

Following this, the defendant corporation was organized and on January 2, 1937, Will Steege assigned the Knight lease of the Roxy and American Theaters to the defendant, by the terms of which assignment the defendant acquired all of the rights and assumed all of the obligations of Steege therein. Referring to the defendant, the court found: "* * * that it is and has been at all times that agency of the Fox West Coast Theatre chain agreed upon by all the parties concerned in the aforesaid transaction, to-wit, said Martin Jensen and wife, said Grover C. Knight and his wife, the plaintiff herein, said Will Steege, and said Fox Intermountain Theatre Corporation, to take over and operate said American Theatre during the life of the least thereon and the extenion thereof granted by said agreement of December 11, 1936, that this defendant was organized for the express and sole purpose of taking over and operating said Theatre to April 30th, 1947, in compliance with said agreement of December 11th, 1936."

Subsequent to these transactions Grover C. Knight and Martin Jensen died. The plaintiff succeeded to all of the rights of her husband in the contracts here involved and Mattie Jensen succeeded to all of the rights of Martin Jensen.

The defendant took possession of both theaters under its assignment from Steege and operated them during the full term of the lease and has complied with all of the terms and conditions thereof. At the expiration of its lease the defendant surrendered to the plaintiff the possession of the Roxy Theater, but refused to deliver possession of the American Theater, claiming the right to the possession thereof as the third party beneficiary of the extension agreement above quoted.

On October 18, 1945, the defendant procured a ten year lease of the American

Theater from Mattie Jensen, commencing May 1, 1947. Having procured this lease and being the owner of the seats, carpeting, film projection machines, ventilating equipment, furnace, stoker, signs and other property in and attached to the theater, the defendant desired to continue in possession during the intervening four months between the expiration of the Steege lease and the expiration of the Knight lease from the Jensens. Accordingly, during the late months of 1946, and particularly in December of that year, the defendant made several attempts to procure a lease from the plaintiff covering that period. As an inducement the defendant offered to pay the plaintiff $1,000 per month rent for the American Theater, which was the amount of the rent theretofore paid by it for both theaters. The plaintiff refused and served notice upon defendant demanding possession. The defendant continued in possession and continued to operate the theater during the months in dispute and continued its offer of $1,000 per month rental therefor. On March 10, 1947, the plaintiff commenced this action for possession of the property and for treble damages for unlawful detainer.

The trial court found that plaintiff was entitled to the possession of the property during the four month period and that it was "withheld from the possession of the plaintiff by the defendant wantonly and maliciously" and "That a fair and reasonable rental value of said property for said period of time was the sum of Five Hundred Dollars per month or Two Thousand Dollars; that by reason of the fact that said premises were so withheld by the defendant wantonly and maliciously, the plaintiff is entitled to have said damages trebled."

Accordingly judgment was entered against the defendant for $6,000 for unlawful detainer. The trebling of the rent is assigned as error.

█ In the complaint the possession by the defendant is characterized by the words, "wrongfully, unlawfully and forcibly" and the same words appear in one of the findings. However, there is no evidence in the record to sustain a finding of forcible detainer as defined by section 6-302, I.C. And an examination of the findings as a whole indicate that none was intended.

The applicable provision of the statute defining unlawful detainer is as follows:

"A tenant of real property, for a term less than life, is guilty of an unlawful detainer:

"1. When he continues in possession, in person or by subtenant, of the property, or any part thereof, after the expiration of the term for which it is let to him, without the permission of his landlord, or the successor in estate of his landlord, if any there be; * * *." Section 6-303, I.C. And for judgment in such cases:

"The jury, or the court, if the proceeding be tried without a jury, shall also as-

sess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, and find the amount of any rent due, if the alleged unlawful detainer be after default in the payment of rent, and the judgment shall be rendered against the defendant guilty of the forcible entry, or forcible or unlawful detainer, for three times the amount of the damages thus assessed, and of the rent found due. * * *" Section 6-316, I.C.

"If a person recover damages for a forcible or unlawful entry in or upon, or detention of, any building or any cultivated real property, judgment may be entered for three times the amount at which the actual damages are assessed." Section 6-317, I.C.

It is noted that section 6-316 provides that the judgment *shall* be three times the damages assessed, and by section 6-317 it *may* be three times the damages assessed. Such statutes are penal in nature and are to be strictly construed. Gwinn v. Goldman, 57 Cal.App.2d 393, 134 P.2d 915; Forrester v. Cook, 77 Utah 137, 292 P. 206; Independent School Dist. No. 5 v. Collins, 15 Idaho 535, 98 P. 857, 12 Am. St. Rep. 76.

The defendant contends that it continued in possession under a claim of right. Its claim is: that it was the third party beneficiary of the extension agreement between Jensens and Knight, and as such entitled to a lease from the plaintiff covering the full period of that extension according to its terms; that equity regarding that as done which ought to be done will regard defendant as holding under a lease from plaintiff; and that therefore its holding was not wanton, malicious or oppressive. "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Section 29-102, I.C.

It is apparent from a reading of the quoted paragraph of the extension agreement between Jensens and Knight, and the finding of the court that the defendant is the third party referred to, that Knight secured a five year extension of his lease in return for his promise to sublet to defendant within two years. Jensens on their part in return for the extension secured Knight's promise to sublet to defendant not only for the period of the extension but for more than three years of the term of the existing lease. It is also obvious that the benefit of the sublease to defendant was more than a mere incident to the agreement. To Jensens it was such an important part of the consideration for the extension that they required the further stipulation that in the event of the failure of Knight to sublet within two years "then this agreement shall in all effects and purposes be and become null and of no effect." It was also agreed that defendant "will so take over and run said theatre during the life of this said lease and extension hereby created." The conclusion is that the ex-

154

tension agreement was made expressly for defendant's benefit, and that possession by it during the remaining months of the extended term was not wrongful, but was a matter of right as against the plaintiff. Federal Union Surety Co. v. Com., 139 Ky. 92, 129 S.W. 335; Jordan v. Kavanagh, Jr., 63 Iowa 152, 18 N.W. 851; Byram Lumber & Supply Co. v. Page, 109 Conn. 256, 146 A. 293; Carson Pirie Scott & Co. v. Parrett, 346 Ill. 252, 178 N.E. 498, 81 A.L.R. 1262 and note at page 1271; French v. French, 161 Kan. 327, 167 P.2d 305; 1 Restatement of the Law of Contracts, Ch. 6; 12 Am.Jur. 821-847.

Defendant, having continued in possession under a bona fide claim of right, no malice, wantonness or oppression could be implied, and none actually appears. It was therefore error to treble the rent found due for the period in question. Read v. La Shonse, 45 Idaho 299, 261 P. 773; Baldwin v. Bohl, 23 S.D. 395, 122 N.W. 247; Barson v. Mulligan, 191 N.Y. 306, 84 N.E. 75, 16 L.R.A., N.S., 151; Aull v. Bowling Green O. H. Co., 130 Ky. 789, 114 S.W. 284; Woodring v. Winner Nat. Bank, 56 S.D. 43, 227 N.W. 438; Jones v. Taylor, 136 Ky. 39, 123 S.W. 326, Ann. Cas. 1912 A, 276, (It is noted that the Kentucky statute contains the word "shall"); Orly v. Russell, 53 Cal.App. 660, 200 P. 732; Field v. Walton, 94 Cal.App. 596, 271 P. 500; Alden v. Mayfield, 33 Cal. App. 724, 166 P. 382.

█ The trial court found that the provision for sublease in the extension agreement was not inserted therein for the benefit of the defendant. The respondent urges a rule supported by California authorities to the effect that where the trial court has construed an ambiguous written instrument, such construction is binding on the appellate court. We need not consider the soundness or applicability of such a rule in this case because the instrument here under consideration is free from ambiguity on the issue involved here, to wit: that it was the intention of all parties that the defendant should have a sublease of the theater throughout the full term of the extension. The trial court expressly so found in the finding quoted above. The intention of the parties is controlling. Carson Pirie Scott & Co. v. Parrett, supra.

█ Respondent also urges that the appellant waived its right to a sublease for the full term by accepting a lease for less. We see no waiver in this situation. It may have accepted several leases for different parts of the term without having that effect. Its action in seeking a lease for the balance of the term before its existing term had expired also indicates that it did not intend to abandon the right. Since the law encourages amicable settlement of controversies, appellant's efforts in that regard and its offers of larger rentals are not to be construed against its interest.

It is ordered that the judgment appealed from be modified by striking that portion

thereof trebling the rent found due, and reducing the amount thereof from $6,000 to $2,000. In all other respects the judgment is affirmed. Costs to appellant.

HOLDEN, C. J., and GIVENS and PORTER, JJ., concur.

KEETON, Justice (dissenting).

I am unable to concur in the majority opinion.

On a disputed question of facts the trial court found that the defendant (appellant), between the 1st of January, 1947, and the 30th of April, 1947, was not entitled to the possession of the American Theater building in controversy here, and further found that the defendant had wrongfully, unlawfully and forcibly detained and withheld from the plaintiff possession and control of said property, during all the times between said dates.

Further, that a notice to vacate the premises had been given the defendant on the expiration of its lease. This the defendant did not do, and informed the plaintiff that the defendant company was not going to move out.

In my opinion the findings of the court were fully sustained by the evidence, and whether or not it was compulsory to treble the rent, as provided for in Sec. 6-316, I.C., or simply permissive, as provided for in Sec. 6-317, I.C., is in my opinion inconsequential for the reason that in the first instance it would be a matter for the trial court to determine, even though it were decided that trebling the rent was not mandatory.

It is my opinion that the appellant continued in possession of the premises by force and without right, and was guilty of an unlawful detainer.

It is the province of the trial court to draw inferences from the evidence and if such inferences are supported by the evidence, and support the judgment, such deductions and judgment made by the trial court should be upheld.

The lease in question contains the words "may sub-let said property to representatives or agents of the said Fox West Coast Organization."

This is simply a permissive right and not a requirement.

It might also be inquired, just to whom the lease for the four months' period was to be assigned, and to what person the plaintiff was required to assign the lease? Who are the representatives or agents of the Fox West Coast Organization?

Certainly by the terms of the lease no particular designated agent is identified.

For these, and other reasons, unnecessary to discuss, I am of the opinion that the trial court correctly determined the matter and that the judgment should be affirmed.