| 98 | 199 |
| 118 | 286 |

[18093. In Bank.—April 27, 1893.]

## THE COMMISSIONERS TO MANAGE THE YOSEMITE VALLEY AND MARIPOSA BIG TREE GROVE, RESPONDENTS, v. JOHN K. BARNARD, APPELLANT.

UNLAWFUL DETAINER—DEFENSE—MISTAKE IN TERM OF LEASE—EVIDENCE—FINDING—APPEAL—CONFLICTING EVIDENCE.—In an action of unlawful detainer, where the defendant pleads a mistake in specifying the term of the lease, such defense, whether legitimate or not in such an action, is an affirmative one, and a finding against its existence is necessitated if no competent evidence is offered in its support to prove that the plaintiff intended to make a lease for a term other than that expressed, and where the evidence conflicts upon the question of mistake the finding of the court cannot be reviewed upon appeal.

ID.—LEASE TO THIRD PARTY.—It is no defense to an action of unlawful detainer that the plaintiff has leased the premises to a third party, with whose right the defendant does not connect himself.

ID.—QUESTION OF TITLE.—Title is never involved in an action of unlawful detainer, and the defendant cannot set up an outstanding title, or show any title not derived from the landlord.

FINDING OUTSIDE OF ISSUES—SUPPORT OF JUDGMENT.—A finding outside of the issues cannot form an element in determining the judgment to be rendered.

APPEAL from a judgment of the Superior Court of Mariposa County.

The facts are stated in the opinion of the court.

*James H. Budd,* and *Gould & McCabe,* for Appellant.

The lease should have been reformed as there was a mistake in using the figure 2 for 5 after the figures 189 in the lease. (Code Civ. Proc., sec. 3399.) The lease itself shows that it could not begin in the past, and the term in it, "ten years," could not have terminated at the time of the commencement of this action. (Civ. Code, secs. 1643, 1652, 1653; *Saunders* v. *Clark,* 29 Cal. 229.) The plaintiff is not the real party in interest and cannot maintain this action, as it had no possessory right at the time of the commencement thereof and does not sue for the person it endeavors to prove might have a possessory right. (Code Civ. Proc., sec. 367; *Purdy* v. *Rakestraw,* 13 Ill. App. 480; *Polack* v. *Shafer,* 46 Cal. 270; *Dickinson* v. *Maguire,* 9 Cal. 47; *Blumenburg* v. *Myers,* 32 Cal. 93; 91 Am. Dec. 560; 8 Am. & Eng. Encycl. of Law, 129; *Scott* v. *Lloyd,* 16 Fla. 151; *Chamberlin* v. *Derry,* 138 Mass. 546.) The complaint and the evidence should show that the complainant had the right of possession at the time of the commencement of the action. (8 Am. & Eng. Encycl. of Law, 151; *Corlies* v. *Corlies,* 17 N. J. L. 167; *Van Aspen* v. *Townsend,* 38 Ala. 572; *Davis* v. *Woodward,* 19 Minn. 137; *Dickinson* v. *Maguire,* 9 Cal. 47; *Whitaker* v. *Gautier,* 8 Ill. 443; *Ballance* v. *Curtenius,* 8 Ill. 449.)

*Attorney-General W. H. H. Hart, Deputy Attorney-General Oregon Sanders,* and *T. C. Coogan,* for Respondents.

The defense of mistake in the lease is wholly insufficient. (Civ. Code, sec. 3399; *Wright* v. *McShafter,* 48 Cal. 275.) Even if the answer is sufficient the proof falls far short of making out a defense. (*Cox* v. *Woods,* 67 Cal. 317; *Lestrade* v. *Barth,* 19 Cal. 660; *Louis* v. *Lazzovich,* 55 Cal. 52; Story on Equity Jurisprudence, part 152.) The judgment should not be reversed because of the finding as to the execution of a lease to a third party. This finding is outside the issues,

and hence is idle and should be disregarded. (*Hull* v. *Arnott*, 80 Cal. 348.)

HARRISON, J.— Action of unlawful detainer. The complaint contains the ordinary allegations in an action of unlawful detainer brought by a landlord against his tenant, who continues in possession against the will of the landlord after the expiration of the term. The defendant made no denial of these allegations, except that he denied that the term for which the premises were demised had expired, or that he held over contrary to the terms of the lease. He pleaded, however, as a separate defense to the action, that he signed the lease set forth in the complaint, but that that portion thereof fixing the term was intended to read "from the first day of January, 1885, for and during the full term of ten years then next ensuing," instead of ten years from the first day of January, 1882, and that the insertion in the lease of words purporting to make the term commence on the 1st of January, 1882, was made "by inadvertence and mistake." The court found "that no mistake was made in the execution of said lease."

1. It is unnecessary to determine whether such a defense can be pleaded to an action of unlawful detainer, or whether the facts alleged in the present case would entitle the defendant to any remedy whatever. The defense was an affirmative one, and, unless sustained by evidence offered in its support, necessitated a finding against its existence. The defendant, however, failed to offer any competent evidence that the plaintiff ever intended to make him a lease of the premises for any term other than that expressed in the instrument which was executed between them, and his testimony that he understood that the lease was to run for ten years from the expiration of a previous lease, did not require the court to disregard his written agreement in the lease itself that it was to run for only ten years from the 1st of January, 1882. The finding of the trial court upon this conflict of evidence cannot be reviewed in this court.

2. The court found "that on August 1, 1891, plaintiff executed a written lease for the property described in the complaint to one Glasscock, for a period of one year from January 1, 1892, at a nominal rent." It is contended by appellant that by reason

of this finding the plaintiff was not entitled to the possession of the premises, and that judgment should therefore have been rendered in his favor.

The defendant did not, however, allege any defense of this nature in his answer, and there was no issue before the court which authorized it to make the finding, and, consequently, being a finding outside of the issues in the case, it could not form an element in determining the judgment to be rendered. (See *McCreary* v. *Martin*, 56 Cal. 403.) But if the pleadings had properly presented an issue upon which this finding could have been made, the finding itself falls short of constituting a defense to the plaintiff's right of recovery, for the reason that the defendant does not connect himself with Glasscock, or show that he has succeeded to Glasscock's right to the possession of the premises. Such a defense is in the nature of a plea of outstanding title, and even in those actions of ejectment that do not proceed upon strict title, but where only the right of possession is involved, the defense of outstanding title is not available to the defendant unless he connects himself with such title. Title, however, is never involved in an action of unlawful detainer. (*Felton* v. *Millard*, 81 Cal. 540.) The tenant, having received the possession by the permission of his landlord, cannot compel the landlord to litigate the right of some other to that possession for which the tenant has no claim. As between him and his landlord, his contract as lessee obligates him to surrender the possession at the expiration of his term, and he cannot set up an outstanding title, or show any title in himself which has not been mediately or immediately derived from his landlord.

The judgment is affirmed.

GAROUTTE, J., PATERSON, J., McFARLAND, J., DE HAVEN, J., and FITZGERALD, J., concurred.