[S. F. No. 2899. Department One.—December 2, 1904.]

H. F. KREDO, Respondent, v. O. B. PHELPS et al., Appellants.

ACTION FOR INJUNCTION—THREATENED OUSTER—THREATENED TRESPASS TO PERSONAL PROPERTY.—An action will not lie to restrain a mere threatened ouster of the plaintiff from rooms alleged to be in his possession where there is nothing to show that the threatened injury would be irreparable. Nor will an injunction lie to restrain threatened injury to plaintiff's furniture and the threatened removal thereof from the premises.

ID.—FINDINGS AND JUDGMENT UNSUPPORTED BY PLEADINGS.—The plaintiff must recover, if at all, upon the cause of action alleged, and not upon some other which may be developed in the proofs. Where the complaint alleged that plaintiff was in the quiet and peaceable possession of the premises, and there was no cross-demand or claim for rent, findings showing an ouster from the premises and a judgment that he be restored to possession, and should pay defendant a certain rent for the premises, are wholly unsupported by the pleadings and outside of the issues.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge.

The facts are stated in the opinion.

D. E. Alexander, and E. Myron Wolfe, for Appellants.

P. B. Nagle, and Nagle & Nagle, for Respondent.

COOPER, C.—Appeal from judgment in favor of plaintiff. Appellants contend that the complaint does not state facts sufficient to constitute a cause of action, and that the findings are outside of the issues stated in the pleadings. Both contentions will have to be sustained.

The substance of the complaint is: That at all times therein named the plaintiff "was in the quiet and peaceable enjoyment of a certain two rooms in a certain house known and designated as No. 937 Post Street in the city and county of San Francisco. . . . That while plaintiff was in the possession of said rooms, the said defendants wrongfully and unlawfully

threatened and do now threaten to oust plaintiff therefrom. . . . That plaintiff is informed and believes and therefore alleges that the said defendants threatened to prevent the said plaintiff from entering said premises by locking the doors of said house and by barricading the same so that it will be impossible for the said plaintiff to enter said rooms, and to unlawfully and wrongfully use force and violence against the said plaintiff if he shall attempt to enter said premises, and plaintiff further alleges, upon his information and belief, that the said defendants threatened to cause his said furniture to be unlawfully and wrongfully destroyed and removed from said premises and otherwise injure said plaintiff and his said property in violation of said lease and the terms thereof. That plaintiff believes that said defendants will commit said acts hereinbefore set forth unless they are restrained by this court.''

The complaint concludes with a prayer for an injunction restraining the threatened acts and restraining the defendants ''from interfering with the plaintiff in the quiet and peaceable enjoyment of said premises.'' It is evident that the object of the complaint is to enjoin the threatened ouster of plaintiff from his rooms and the threatened destruction of his furniture. It is alleged that defendants threatened to oust plaintiff from the said rooms and to cause his furniture to be destroyed and removed from the said premises. It is not even alleged that defendants will, unless restrained by the court, commit the threatened acts, but it is alleged that plaintiff believes ''that defendants will commit said acts.'' If we regard the ''two certain rooms'' as being real estate, and sufficiently described, yet it is alleged that plaintiff is in the quiet and peaceable possession of them. Courts will not issue an injunction to prevent a threatened ouster of one in the possession of real estate when that is the main question before the court. If the party should be ousted, he would have his remedy at law, but the aid of a court of equity cannot be invoked to prevent a mere threatened ouster. If such were the rule the time of the courts would be taken up in the investigation of imaginary wrongs and idle threats. And so of the threatened destruction of plaintiff's furniture. We know of no case in which the court has enjoined the threatened injury or removal of ordinary personal property simply upon

allegation or proof of a mere threat to injure or remove it. There are cases of continued trespass, or of trespasses of such a nature that they will ripen into an easement, or of threatened destruction of property of peculiar value, and other cases where the facts show that the threatened injury will be irreparable, in which courts will grant injunctions, but not in a case of the threatened destruction of furniture. If an injunction could be granted in this case, there is no reason why it should not be granted in case of every threatened trespass either to person or property. We see no reason to depart from the old and well-established rule that an injunction will not lie to prevent a threatened trespass.

In the findings there is much immaterial matter as to the plaintiff's lease of the rooms, the tender of rent by him, and other matters, but it is found that defendants locked the front door leading to plaintiff's room, and "with great force refused to permit plaintiff to enter said premises." The court gave judgment that plaintiff is entitled to be restored to the possession of the said premises, and that defendants be "enjoined from in any way interfering with the said plaintiff in the occupancy of the said premises," and that "plaintiff should pay defendants $10 for the rent of said premises." The court thus in effect found that plaintiff had been ousted from the possession of the premises and that he be restored to the possession, and this in face of the complaint alleging that he was in the quiet and peaceable possession and the absence of any demand in the complaint for possession. And the ten dollars rent is ordered to be paid by plaintiff to defendants in the absence of any cross-demand or claim as to any rent due. Courts have been very liberal in sustaining the findings of the trial court upon issues that were attempted to be made by the pleadings, and treated as so made during the trial, where they were of such a nature as to show some legitimate relation to the nature of the action as set forth in the pleadings. But they have not adopted a rule that would in effect do away with all pleadings. They have not held that a plaintiff could recover upon a different cause of action developed on the trial by the evidence with no amendment of the pleadings. They have not held that a plaintiff could recover possession of real estate upon a complaint which alleged that he was in possession and failed to allege any ouster. The rule is, that the

plaintiff must recover, if at all, upon the cause of action set out in the complaint, and not upon some other which may be developed by the proofs. (*Schirmer* v. *Drexler,* 134 Cal. 134, and cases cited therein.)

The judgment should be reversed.

Harrison, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed.

Angellotti, J., Shaw, J., Van Dyke, J.