[Civ. No. 226.  First Appellate District.—November 21, 1906.]

## ANTONIO VATUONE, Respondent, v. G. CANNOBIO and E. PEZZOLO, Copartners, etc., Appellants.

UNLAWFUL DETAINER—EXPIRATION OF LEASE—NEW LEASE TO THIRD PERSON—ACTION BY LANDLORD—ESTOPPEL OF FORMER LESSEES AND SUBTENANTS.—Upon the expiration of the term fixed by a lease, it is the duty of the lessees and their subtenants, who are estopped to deny the title of the landlord, to surrender the possession of the premises to him, and if they unlawfully hold over after the term, the landlord may maintain an action of unlawful detainer against them, notwithstanding he has executed a new lease to a third person, to take effect immediately after the expiration of the former lease, where they have not connected themselves in any manner with the title of the new lessee.

ID.—NOTICES CONSTRUED TOGETHER—NEW TENANCY NOT CREATED.—Notices (1) that after termination of the lease, the monthly rent will be $300 in advance for each and every month the lessees continue to hold possession, (2) that the lease will terminate on the day fixed therein, and they would be required to deliver possession on that day, and (3) repeating the second notice, and stating that "this is intended as a monthly notice to quit for the purpose of terminating your tenancy as aforesaid," are to be construed together, and no new tenancy from month to month was thereby created at the rate of $300 per month.

ID.—CONSTRUCTION OF CODE—TENANCIES FROM MONTH TO MONTH.—Section 827 of the Civil Code applies only to tenancies from month to month, and not to a lease having a fixed expiration of time.

ID.—DEFENDANTS NOT MISLED—KNOWLEDGE OF NEW LEASE—TERMS OF OLD LEASE—FORMS OF NOTICE.—The defendants, having knowledge of the new lease and of the terms of their own lease, could not be misled by the forms of the notices. Their lease of itself was sufficient notice to them that they would be required to surrender possession at the expiration of the time therein named.

ID.—POSSESSION UNDER NEW LESSEE—BURDEN OF PROOF.—If any of the defendants had permission of the new lessee to remain in possession, it was incumbent on them to prove it as a matter of defense.

ID.—TREBLE DAMAGES.—Where the evidence supports the finding of the court as to the extent of the damage caused by the unlawful holding over by the defendants, the court properly gave judgment for three times the amount of damages proved.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.   J. R. Welch, Judge.

The facts are stated in the. opinion of the court.

William P. Veuve, for Appellants.

Where the landlord has a successor in estate, he alone can bring unlawful detainer.   (*McDonald* v. *Hanlon,* 79 Cal. 442, 21 Pac. 861; *Polack* v. *Shafer,* 46 Cal. 270; *L'Hussier* v. *Zallee,* 24 Mo. 13; *Cunningham* v. *Holton,* 55 Me. 33; *Allen* v. *Webster,* 56 Ill. 393; *O'Brien* v. *Ball,* 119 Mass. 28; *Purdy* v. *Rakestraw,* 13 Ill. App. 480; *Pickard* v. *Klies,* 56 Mich. 604, 23 N. W. 329; *Boyce* v. *Graham,* 91 Ind. 421; *Casey* v. *King,* 98 Mass. 503; *State* v. *Idler,* 54 N. J. L. 467, 24 Atl. 554; *Gardner* v. *Keteltas,* 3 Hill (N. Y.), 330, 38 Am. Dec. 637.)

Partridge & Jacobs, for Respondent.

As the law stood at the time of this decision the action for unlawful detainer could only be brought by the landlord.   (*Steinback* v. *Krone,* 36 Cal. 309.)   The lessee's obligation is to surrender possession to the landlord at the expiration of the term, and he cannot deny the landlord's title. (*Commissioners* v. *Bernard,* 98 Cal. 199, 32 Pac. 982.)

COOPER, J.—This is a proceeding in unlawful detainer to recover possession of the premises described in the complaint, together with damages for the withholding thereof. Plaintiff recovered judgment, and defendants prosecute this appeal from the judgment and from the order denying their motion for a new trial.

The facts are in substance as follows: Plaintiff, by written lease, dated November 1, 1901, let the premises to De Carley and Scarsi for three years, the lease to end November 1, 1904, for the rent of $100 per month for the first six months, and $120 per month for the remainder of the term.   After the execution of the lease, and more than six months before the expiration thereof, De Carley and Scarsi sold and assigned the same to defendants, who thereupon entered into

the possession and occupation of the premises, and so continued in the possession thereof up to the time of the trial.

On August 2, 1904, the plaintiff, by lease in writing, let the premises to one Hirsch for the term of seven years from the first day of November, 1904, the latter being the date of the expiration of the former lease under which defendants were holding. On August 24, 1904, the plaintiff served upon the defendants three separate notices, each signed by plaintiff and all attached together. The first one notified defendants that after the expiration of the written lease under which they were holding "the monthly rent thereof will be $300 in United States gold coin per month payable monthly in advance on the first day of each and every month you continue to hold possession thereof after the expiration of your present lease, instead of the sum now paid by you under said lease." The second notice stated to defendants that their lease would terminate on November 1, 1904, and that they would be required to deliver possession to plaintiff on said day. The third notice was similar to the second, but contained the additional clause: "This is intended as a monthly notice to quit for the purpose of terminating your tenancy as aforesaid." At the time these notices were served on defendants they knew that the plaintiff had leased the premises to Hirsch, the lease to commence after the expiration of the lease under which they held. On November 1, 1904, the defendants tendered to plaintiff the sum of $300 as rent for the premises for the month of November, which tender was declined. November 3d plaintiff served upon defendants a notice to the effect that their tenancy of said premises had ended, and requiring them to surrender possession within three days. Defendants refused to surrender possession, and this action was commenced November 9, 1904.

The first point contended for by appellant is that plaintiff cannot maintain this action because he had parted with the right to the possession of the premises by his lease to Hirsch. The position is not tenable. It is a well-settled rule, with few exceptions, that a tenant cannot be permitted to deny his landlord's title. Section 1161 of the Code of Civil Procedure provides: "A tenant of real property for a term less than life is guilty of an unlawful detainer, when he continues in possession, in person or by subtenant, of the property or any part thereof after the expiration of the term

for which it is let to him, without the permission of his
landlord, or the successor in estate of his landlord, if any
there be. . . ." The defendants as subtenants were in no
better position than the original tenants. They, through
their assignors, received the possession of the premises from
the plaintiff, and having done so they will not be permitted,
while still in possession, without connecting themselves with
the title of Hirsch, to deny the plaintiff's title. It does not
concern the defendants as to whether the right of possession
is in plaintiff or in Hirsch. Their contract as lessees places
upon them the obligation to surrender possession at the ex-
piration of the term, and to surrender it to the original les-
sor. (*Brandt* v. *Phillippi,* 82 Cal. 640, [23 Pac. 122]; *Com-
missioners* v. *Barnard,* 98 Cal. 199, [32 Pac. 982].)

There is no merit in the contention that a new tenancy
from month to month at the rate of $300 per month was
created by the notices of August 24, 1904. Section 827 of
the Civil Code provides: "In all leases of lands or tene-
ments, or of any interest therein, from month to month, the
landlord may, upon giving notice in writing at least fifteen
days before the expiration of the month, change the terms
of the lease, to take effect at the expiration of the month."
The section by its terms is confined to leases from month to
month. This was not such lease. And furthermore the
three notices must be read together as one, and when so
read they stated to defendants that their lease would termi-
nate November 1, 1904, that they would be required to de-
liver up possession on said last-named date, and that if they
continued to hold possession after the lease should terminate
the monthly rental would be $300 per month. Defendants
could not have been misled by the notice. They knew that
Hirsch had leased the premises. They gave no notice in
any way of their intention to claim a monthly lease prior
to November 1, 1904, but on the contrary they notified plain-
tiff on October 29, 1904, that they would deliver to him the
furniture in the hotel on said premises on November 1st.
When Hirsch demanded possession of the premises on said
last-named date the agent of the defendants in their pres-
ence tendered the $300, and said, "We are going to keep this
place another month for meanness." To hold that a new
tenancy was created under the circumstances of this case
would be to attach little importance to contracts. Defend-

ants knew when the lease would expire, and the lease itself was sufficient notice to them that they would be required to surrender possession at the expiration of the time therein named. (*Craig* v. *Gray,* 1 Cal. App. 598, [82 Pac. 699], and cases cited.)

If the defendants had permission from Hirsch to remain in possession, it was incumbent on them to prove it as a matter of defense.

The court, under defendants' objection as to its relevancy and competency, admitted evidence showing that defendants knew of the existence of the lease by plaintiff to Hirsch. If it be conceded that the evidence was irrelevant and incompetent, it was harmless. As we have before attempted to show, there was no new tenancy created between the plaintiff and the defendants. Their lease had expired. They did not attempt in any way to connect themselves with Hirsch, or with the lease given by plaintiff to him. In such case we cannot see that it made any difference whether they knew of the lease to Hirsch or not.

Finally the claim is urged that the court erred in finding that the damage caused by the unlawful holding over was the sum of $160, and giving judgment for three times the amount —$480. It is said that the evidence does not support the finding of the court in this regard. The lease to Hirsch included and described the whole building, while the lease to defendants was not of the whole building. The statement shows the following: "It is admitted that that part of building which defendants have is valued at $160." This was at the close of plaintiff's evidence after he had been speaking of the rental in the Hirsch lease being $260 per month. The defendants held over one month, and the evidence supports the finding of the court that the rental value was $160, and the law supports the action of the court in allowing and giving treble damages.

This disposes of all the errors urged in appellants' brief. The judgment and order are affirmed.

Hall, J., and Harrison, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 14, 1907.