[Civ. No. 3193.  Second Appellate District, Division Two.—June 10, 1920.]

## MARY FRASCONA, Respondent, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Appellant.

[1] FINDINGS—DUTY OF COURT.—Unless findings are waived the trial court must give its decision in writing, i. e., it must file written findings of fact.

[2] ID.—RIGHT TO FINDINGS.—The right to findings is a substantial right, as inviolate, under the statute, as that of trial by jury under the constitution.

[3] ID.—WANT OF FINDING ON MATERIAL ISSUE—REVERSIBLE ERROR.— The right to have a material issue presented by the pleadings in a cause determined by a finding of the court is one important to the parties to a suit, and the failure to make such a finding results in prejudicial error entitling the complaining suitor to reversal.

[4] ID.—LANGUAGE OF FINDINGS.—While it is not necessary that the findings should follow the precise language of the pleadings, it is essential that they be so drawn that the truth or falsity of every material allegation can be demonstrated therefrom.

[5] ID.—SCOPE OF—SPECIFIC ISSUES.—To sustain a judgment for the plaintiff in an action, the findings must be responsive to the issues as tendered by the complaint; and where specific facts are put in issue, it is the duty of the court to find the facts specifically.

[6] ID.—ACTION FOR DAMAGES—CAUSE OF INJURY—INSUFFICIENT ·FIND-ING—PREJUDICIAL ERROR.—In an action for damages for personal injuries alleged to have been caused by the negligence of the defendant, a common carrier of passengers, while plaintiff was a passenger on one of its street railway cars, where the complaint alleges one distinct and specific act of negligence, namely, starting the car before plaintiff had alighted, a general finding that defendant operated its car in a careless and negligent manner, thereby injuring plaintiff, is not responsive to the issue as tendered by the complaint; and the failure of the court to find on that issue is prejudicial error requiring a reversal of a judgment in favor of plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Reversed.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher and Norman S. Sterry for Appellant.

A. E. T. Chapman for Respondent.

FINLAYSON, P. J.—This is an action to recover damages for personal injuries alleged to have been caused by the negligence of defendant, a common carrier of passengers, while plaintiff was a passenger on one of its street railway cars. The case was tried by the court without a jury. Judgment passed for plaintiff and defendant appeals. The principal question involves the sufficiency of the finding upon the issue of defendant's negligence as alleged in the complaint.

The complaint alleges a specific act of negligence on defendant's part. After alleging that, while she was riding as a passenger on defendant's street-car, plaintiff requested the conductor to let her off at the intersection of San Pedro and Sixteenth Streets, in the city of Los Angeles, and that the conductor thereupon gave the motorman the signal to stop, the complaint proceeds to allege that "said car was brought to a standstill, and while this plaintiff was attempt-

ing to step from the bottom step on said car to the ground, said car was suddenly started forward and this plaintiff was violently thrown upon the ground.'' The answer denies that the car was brought to a standstill; denies that, while the car was standing still, plaintiff attempted to alight; denies that, while plaintiff was alighting the car was suddenly started forward; and alleges that before the car had reached the customary and usual stopping place at the intersection of Sixteenth and San Pedro Streets, and while it was still in motion, plaintiff, carelessly and negligently, attempted to step on the ground and fell.

There was a sharp conflict in the evidence. Plaintiff and her witnesses testified that the accident happened as alleged in the complaint; while the witnesses for defendant, with equal positiveness, testified that plaintiff stepped from the car before it had come to a standstill.

Instead of a finding showing the truth of the averment of negligence as made in the complaint, we are left to conjecture whether the trial court may not have attributed the accident to some other and wholly different act of negligence. Instead of a finding that the accident happened as specifically described by plaintiff in her complaint, the court's finding of negligence is couched in most general terms. The sole finding upon the issue of negligence is this: ''That defendant corporation operated said street-car in a careless and negligent manner, then and there injuring plaintiff, Mary Frascona; and that said carelessness and negligence of the defendant corporation was the direct and proximate cause of plaintiff's injuries.''

[1] Unless findings are waived—and here, as the record shows, they were not—the trial court must give its decision in writing, i. e., it must file written findings of fact. (Sec. 632, Code Civ. Proc.) [2] The right to findings is a substantial right, as inviolate, under the statute, as that of trial by jury under the constitution. (*Bard* v. *Kleeb*, 1 Wash. 370, [25 Pac. 467, 27 Pac. 273].) The code provision requiring written findings of fact is for the benefit of the court and the parties. To the court it gives an opportunity to place upon record, in definite written form, its view of the facts and the law of the case, and to make the case easily reviewable on appeal by exhibiting the exact grounds upon which the judgment rests. To the parties, it furnishes

the means, in many instances, of having their cause reviewed without great expense. It also furnishes to the losing party a basis of his motion for a new trial; he is entitled to know the precise facts found by the court before proceeding with his motion for a new trial, in order that he may be able to point out with precision the errors of the court in matters either of fact or law. (*Bard* v. *Kleeb, supra;* *Savings & L. Soc.* v. *Burnett,* 106 Cal. 539, [39 Pac. 922]; *Polhemus* v. *Carpenter,* 42 Cal. 385.) **[3]** ''The right to have a material issue presented by the pleadings in a cause determined by a finding of the court is one important to the parties to a suit, and the failure to make such a finding results in prejudicial error entitling the complaining suitor to reversal.'' (*Huntington* v. *Vavra,* 36 Cal. App. 355, [172 Pac. 168]. See, also, *Tucker* v. *United Railroads,* 171 Cal. 704, [154 Pac. 835].)

**[4]** While it is not necessary that the findings should follow the precise language of the pleadings, it is essential that they be so drawn that the truth or falsity of every material allegation can be demonstrated therefrom. The purpose of findings ''is to answer the questions put by the pleadings.'' (*Dam* v. *Zink,* 112 Cal. 93, [44 Pac. 332].) **[5]** The province of the court is to determine, not to raise, issues. And a finding upon a fact not in issue can form no element in determining the appropriate judgment to be rendered. (*Commissioners* v. *Barnard,* 98 Cal. 199, [32 Pac. 982].) The plaintiff must recover, if at all, upon the case as made by his complaint, and not on some other which he might have made. For these reasons, to sustain a judgment for the plaintiff in an action the findings must be responsive to the issues as tendered by the complaint; and where specific facts are put in issue, it is the duty of the court to find the facts specifically. ''The findings must be specific on the issues presented, and judgment will be reversed if they are not so.'' (*Franklin* v. *Franklin,* 140 Cal. 609, [74 Pac. 155].) ''It is well settled,'' says the Illinois court in *Chicago City Ry. Co.* v. *Gates,* 135 Ill. App. 185, ''that the allegations of the declaration and the proof must agree, and that when a specific act of negligence is alleged, the recovery can only be on proof of such specific act, and not on proof of negligence not alleged.''

[6]  When put to the proof of these elementary rules, the finding of negligence in this case fails to meet the test.   The complaint alleges one distinct and specific act of negligence, namely, starting the car before plaintiff had alighted.   The finding is not at all specific; it could hardly be more general than it is.   It is no more than this: That defendant operated its car in a careless and negligent manner, thereby injuring plaintiff.   Such a finding is broad enough to include an almost infinite number of acts of negligence, each differing radically from the specific act alleged by plaintiff as the ground of her action for damages.   Having carefully defined and described in her allegation of negligence the particular negligent act with which she charges defendant, we must assume that the latter came into court prepared to meet the charge that it committed that specific negligent act, and not some other act of negligence in the operation of its car that plaintiff might have alleged but did not.   If the judgment against defendant be upheld, it is not entirely beyond the realm of possibility that the trial court did not believe that defendant had been guilty of the precise act of negligence pleaded by plaintiff, but did believe, and intended to find, that in some other and radically different respect defendant had negligently operated its car, thereby causing the injuries.

For these reasons we are constrained to hold that the failure of the trial court to make a finding responsive to the issue as tendered by the complaint was prejudicial error for which the cause must be remanded for retrial.

Judgment reversed.

Thomas, J., and Weller, J., concurred.