[Civ. No. 4465. Second Appellate District, Division Two.—January 7, 1924.]

## BOARD OF PUBLIC SERVICE COMMISSIONERS OF THE CITY OF LOS ANGELES, Respondent, v. JOSEPH SPEAR, Appellant.

[1] UNLAWFUL DETAINER—WILLFUL HOLDING OVER—TREBLE RENTS —JUDGMENT.—In an action of unlawful detainer, where the trial court finds that defendant willfully held over the premises after demand made and one month's notice in writing given requiring the possession thereof, and further finds that such willful holding over was deliberate, intentional, and obstinate, with knowledge that the tenancy was terminated, and was without and against the consent of the landlord, the trial court is bound to render judgment for treble the amount of rent found due.

[2] ID.—DISCRETION OF TRIAL COURT—PROPER JUDGMENT.—When a court is given discretion in the exercise of authority, it must exercise that discretion in a sound, fair, and reasonable manner; and in an action of unlawful detainer, it may not arbitrarily render judgment for either treble the amount or for the actual amount of rent found due, but the facts must warrant the decree rendered.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Grant Jackson for Appellant.

Page & Hurt and Eugene D. Williams for Respondent.

CRAIG, J.—The only question raised upon this appeal is whether or not the trial court had discretion under the facts presented to render a judgment against a tenant holding over for rental only, without trebling the amount. Respondent purchased certain premises of which appellant held possession under a verbal agreement which respondent alleged was a tenancy from month to month, and served upon him a thirty-day notice to vacate; upon his failure to do so, it served the statutory three-day notice, and subsequently brought this action for possession of the premises and treble rents. Appellant's answer alleged that he was in possession under a parol lease for one year, and that his term had not expired. [1] The findings of the trial court were in favor of the owner for all demands, and among other things recited:

"The court having found that the defendant willfully held over the premises involved in this action after demand made and one month's notice in writing given requiring the possession thereof, now finds that such willful holding over was deliberate, intentional and obstinate, with knowledge that the tenancy was terminated and that defendant was holding over without and against the consent of the landlord, and that by reason thereof the plaintiff, as a matter of law, is entitled to have judgment for treble rent during the time the defendant continued in possession after such notice; but the court in so finding and in ordering judgment for treble damages, is not doing so in the exercise of its discretion, but because it is of the opinion that it cannot under the law exercise any discretion in the premises, and is compelled under the law to give judgment for treble damages."

Appellant's contention is that section 1174 of the Code of Civil Procedure afforded the court discretion to enter judgment for the rent due, or for treble such amount, basing his argument upon the following provision thereof:

"Judgment against the defendant guilty of the forcible entry, or forcible or unlawful detainer may be entered in the discretion of the court either for the amount of the damages and rent found due, or for three times the amount so found."

Section 735 of the Code of Civil Procedure also provides that:

"If a person recover damages for a forcible or unlawful entry in or upon, or detention of any building or any cultivated real property, judgment may be entered for three times the amount at which the actual damages are assessed."

The finding referred to and respondent's position are based upon section 3345 of the Civil Code, which reads as follows:

"Tenant Willfully Holding Over. If any tenant, or any person in collusion with the tenant, holds over any lands or tenements after demand made and one month's notice, in writing given, requiring the possession thereof, such person holding over must pay to the landlord treble rent during the time he continues in possession after such notice."

It is contended by the appellant that inasmuch as the codes were adopted in 1872, with the last two quoted sections as they now appear, and since section 1174 of the Code of Civil Procedure was since amended to include the provision as herein set forth, it effected a repeal in this respect of section 3345 of the Civil Code. Although this argument presents an interesting question, we think it is one which we are not required to pass upon in the instant case. The facts of this case place it squarely within the provisions of section 3345 of the Civil Code. If it be conceded that this section was repealed, and that the provisions of section 1174 of the Code of Civil Procedure are applicable here, we think the trial court would still have been bound to render judgment for treble the amount of rent found due. [2] When a court is given discretion in the exercise of authority it must exercise that discretion in a sound, fair, and reasonable manner; it may not arbitrarily render judgment for either treble the amount or for the actual amount of rent found due; the facts must warrant the decree rendered. "It is not a mental discretion to be exercised *ex gratia*, but a legal discretion to be exercised

in conformity with the spirit of the law, and in a manner to subserve, and not to impede or defeat, the ends of substantial justice. In a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases where an impartial mind hesitates." (*Bailey* v. *Taaffe,* 29 Cal. 424.)

In *Alden* v. *Mayfield,* 33 Cal. App. 724 [166 Pac. 382], it was contended that the court was not justified in assessing treble rents. It was there said, quoting from the opinion of the supreme court in passing upon a former trial of the same case, that: "The defendant was informed before the deposit of money, both by the principal and by her attorney, that Haile no longer had anything to do with the matter, and we repeat that defendant's endeavor under those circumstances to re-establish the relationship of tenancy with the landlord who had repudiated him and terminated the tenancy was but a shallow bit of subterfuge and trickery. . . . Still further in this connection it is to be noted that the defendant does not deny, as it was incumbent upon him to deny, the allegation that he was holding over against the will and consent of the plaintiff." It is then said: "All these things seem to show conclusively a willful withholding of the premises on the part of respondent. Doubtless the word *'willful'* is used in different statutes with various shades of meaning, but herein the conduct of defendant in refusing to surrender possession was deliberate, intentional, and obstinate, with knowledge that the tenancy was terminated, and that he was holding over against the will and consent of the landlord. We think nothing more is required to constitute *willfulness* on the part of the tenant." (Italics quoted.) It is true that the provision there under consideration was section 3345 of the Civil Code. Nevertheless, if appellant's contention is correct, section 1174 of the Code of Civil Procedure includes all that was within the scope of section 3345 of the Civil Code, and it is clear that the case at bar is one within that portion of section 1174 of the Code of Civil Procedure, which was included in section 3345 of the Civil Code. (The assumption that the latter section has been repealed being indulged here merely for the sake of argument.) Hence, what is said in *Alden* v. *Mayfield* applies by analogy to the instant case. Authorities to

which our attention is directed do not hold that the rents should be trebled where the conduct of the tenant is characterized by good faith and a reasonable belief in his right to remain, but that if his conduct be intentional, with knowledge of the termination of the tenancy, and the holding over is against the will and without the consent of the landlord, section 3345 of the Civil Code is mandatory (*Alden* v. *Mayfield, supra; Vatuone* v. *Cannobio,* 4 Cal. App. 422, 426 [88 Pac. 374].) The trial court having found that appellant in the instant case leased the premises from month to month until notified in writing of the change of ownership and demand was made upon· him for possession, and that thereafter he willfully remained in possession deliberately, intentionally, and obstinately, with knowledge that the tenancy was terminated, it would have been an abuse of discretion had the judgment been other than for treble the amount of the rent found due.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.