[Civ. No. 4808. Second Appellate District, Division Two.—October 30, 1928.]

ISOBEL FIELD, Appellant, v. J. A. WALTON, Respondent.

The facts are stated in the opinion of the court.

G. H. Gould for Appellant.

Major McGregor for Respondent.

KEETCH, J., *pro tem.*—This is an appeal by the plaintiff from a judgment allowing but single damages in an action for unlawful detainer.

According to the allegations of the complaint the plaintiff leased to the defendant certain premises situated in the city of Santa Barbara for a term of five years, the lease expiring May 31, 1924. On April 21st, or a month prior to such expiration, the plaintiff notified the defendant in writing that she would require possession of the

premises upon the termination of the lease. Defendant, however, failed to surrender possession on May 31st, and suit was filed immediately, or on June 2d. The agreed monthly rental in the lease at the time it terminated was $400. Plaintiff alleged the rental value to be $600 a month for the period occupied by the defendant after the lease had terminated, and prayed judgment for restitution of the premises, for rents and profits and for treble damages for the detention. Only one allegation of the complaint was specifically denied in the answer and that was as to the rental value, the defendant asserting it was not in excess of $400, the amount stipulated in the lease. The premises were surrendered by defendant June 28, 1924, or approximately one month after the lease terminated. The case was tried July 5, 1924, before the court without a jury. Findings were waived, but the court inserted in the judgment a finding for the plaintiff in the sum of $600 as "the rental value of the premises for the month of June."

The sole question presented is, in the language of the plaintiff and appellant: "Does the record require a judgment for the plaintiff in treble damages?" Assuming the affirmative, counsel for appellant contends that on the face of the record the detention was wilful, and that under section 3345 of the Civil Code that alone was sufficient to require the imposition of treble damages. He cites in support the cases of *Board of Public Service Commrs.* v. *Spear*, 65 Cal. App. 214 [223 Pac. 423], and *Alden* v. *Mayfield*, 33 Cal. App. 724 [166 Pac. 382].

Section 3345 of the Civil Code reads in part as follows: "Tenant willfully holding over. If any tenant . . . holds over any lands or tenements after demand made and one month's notice, in writing given, requiring the possession thereof, such person holding over must pay to the landlord treble rent during the time he continues in possession after such notice." It is urged by respondent that this section does not apply, for the reason that its terms are intended to apply to a condition where the right to possession has already accrued by the failure to surrender, and that the demand and one month's notice required are subsequent to the accrual of this right. In the instant case no such subsequent demand and notice were given, and as the sec-

tion, being penal in its nature, was not strictly complied with, it did not govern the case or the judgment. However, we do not think it necessary to pass upon these points because we are satisfied that section 3345 does not apply, for the reasons hereafter to be stated.

Section 1161 of the Code of Civil Procedure reads in part as follows: "A tenant of real property, for a term less than life, is guilty of unlawful detainer: 1. When he continues in possession, in person or by subtenant, of the property, or any part thereof, after the expiration of the term for which it is let to him, without the permission of his landlord, or the successor in estate of his landlord, if any there be." Section 1174 of the same code covers the judgment in unlawful detainer, and in regard to the assessment of damages it reads: "The jury or the court, if the proceeding be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial. . . . Judgment against the defendant guilty of the forcible entry, or forcible or unlawful detainer may be entered *in the discretion of the court* either for the amount of the damages and rent found due, *or* for three times the amount so found." (Italics ours.)

Section 3345 of the Civil Code was enacted into the Practice Act of 1872 from the common law, and its penal character was in conformity with the intent and purpose of the law to punish persons for forcibly entering upon, or forcibly detaining the possession of real property. Criminal prosecution was the original proceeding, but with the passing of time the severity of thought and procedure with regard to this subject has gradually been softened by statutory enactments, no doubt due to a recognition of the fact that circumstances and conditions may and do alter cases. It is to be noted in this connection that unlawful detainer, without a showing of force, has for some time been recognized as a part of the general law of forcible entry and detainer. While this is true, many of the punitive forms still remain on the statute books, and section 3345 of the Civil Code, and its companion section 3344 of the Civil Code, are, perhaps, examples of this. It is a fair assumption that the recognition of these

changed conditions brought about the amendment by the legislature in 1907 of section 1174 of the Code of Civil Procedure, giving discretion to the trial courts in the matter of the judgment and assessment of damages. Prior to this amendment an examination of the history of that section discloses that as enacted in 1872 it provided that upon a finding in favor of the plaintiff of *forcible entry and detainer* the ''judgment must be entered for three times the amount of such damage or rent, as the case may be.'' The section was amended in 1873–74, and it then provided that ''judgment shall be rendered against the defendant guilty of the forcible entry, or forcible or *unlawful detainer* for three times the amount of damages,'' etc. In other words, unlawful detainer was added to the section. By the amendment of 1907 the language of the statute covering the assessment of damages in the judgment was changed to read: ''Judgment against the defendant guilty of the forcible entry, or forcible or unlawful detainer may be entered *in the discretion of the court* either for the amount of the damages and rent found due, *or* for three times the amount so found.'' (Italics ours.) The language is plain and unambiguous and vests discretion in the trial court in the conjunctive, to be exercised in accordance with the facts and circumstances of each case. It would seem that the plain effect of this amendment is to repeal by implication sections 3344 and 3345 of the Civil Code, both of which, under the title ''Penal Damages,'' pertain to actions of forcible entry and detainer. The procedure being fully covered by the provisions of chapter 4, title 3, of the Code of Civil Procedure, these sections, in view of this amendment, are in conflict, serve no good purpose and only create confusion.

 The discretionary power of the court under section 1174 of the Code of Civil Procedure is discussed at some length in the case of *San Francisco etc. Soc.* v. *Leonard,* 17 Cal. App. 270 [119 Pac. 405]. After quoting the language of the section and italicizing that portion giving the court discretion to assess damages in treble the amount found, and also quoting the language of section 735 of the Code of Civil Procedure, which provides that if a person recover damages for forcible or unlawful entry or detention the judgment *may* be entered for three

times the amount at which the actual damages are assessed, the court says: "Thus, it will be perceived, the legislature has clearly limited the power of the jury in such cases, so far as damages are concerned, to the assessment of such damages only as have actually been suffered by the complaining party, and has conferred upon the court the sole power of determining, in the exercise of its discretion, whether, in a given case, the circumstances are such as to justify the entry of judgment in favor of plaintiff, as a penalty for the acts of the defendant, for three times the amount found by the jury either as damages or for rent. That the power thus specially given the court was intended to be exercised in those cases only where the evidence discloses that the defendant has committed the tortious act charged against him wantonly or by oppression or with malice, express or implied (Civ. Code, sec. 3294), is a proposition which, in our opinion, is rendered free from any kind of doubt, if not alone by the language of section 1174 of the Code of Civil Procedure, then most surely by that of section 735 of the same code. In other words, the power to treble the damages or rent is a power to be exercised by way of punishment only, and the legislature has (wisely, we think, as the writer further thinks would be true if it were so in all cases as to the awarding of punitive damages) committed the exercise of that power to the courts in preference to the jury, the theory of the lawmakers no doubt being that the court, having equal opportunity with the jury of hearing and passing upon the testimony, is better able to decide whether the evidence warrants the imposition of any penalty at all or an allowance in excess of the amount found by the jury to be the damages actually sustained." The court in that case further held that this discretion as to whether or not treble or punitive damages shall be assessed is vested solely in the court and not in the jury, as it "is better able to decide whether the evidence warrants the imposition of any penalty at all or any allowance in excess of the amount found by the jury to be damages actually sustained."

The case of *Board of Public Service Commrs.* v. *Spear, supra,* relied upon by appellant, presented the same question as the instant case, that is, whether or not the court had discretion to assess treble damages. In that

case, however, the lower court found that the defendant wilfully held over the premises involved "after demand and one month's notice in writing given requiring the possession thereof," and that such wilful holding over was *deliberate, intentional, and obstinate,* and gave judgment for treble damages. (Italics ours.) In affirming the judgment, which it held came clearly within the provisions of section 3345, the appellate court said, in passing upon the question of discretion as vested in the court under section 1174 as amended and as urged by the appellant in that case, that "in a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases where an impartial mind hesitates"—citing *Bailey* v. *Taaffe,* 29 Cal. 422. The court also held, however, that the exercise of this discretion "must be in a sound, fair and reasonable manner. It may not arbitrarily render judgment for either treble the amount or for the actual amount of rent found due; the facts must warrant the decree rendered." There is nothing inconsistent in this holding, as presented by the facts in that case, and the record in the instant case. In the former, the finding of the court was that the holding over was *deliberate, intentional, and obstinate;* in the latter, the court simply found that the defendant, after notice to quit the possession of the premises at the expiration of the lease, did *unlawfully* continue in possession of said premises. There is nothing on the face of the record to show that the holding over was of that wilful, deliberate, malicious, and tortious character which might naturally and properly call for the imposition of punitive damages within the legal discretion of the trial judge as defined by the appellate court.

In the case of *Alden* v. *Mayfield, supra,* likewise relied upon by appellant, in which judgment for treble damages was rendered, the evidence also showed a deliberate, intentional, and obstinate refusal to surrender the premises; and the same argument applies as far as it applies to the instant case. The plaintiff was not entitled to exemplary damages where there was no evidence showing any overt or malicious act on the part of the defendant. (*Orly* v. *Russell,* 53 Cal. App. 660 [200 Pac. 732].) In *Toplitz* v. *Standard Co.,* 25 Cal. App. 576 [143 Pac. 53], the court

said: "Incidentally a judgment for a plaintiff in an action of unlawful detainer may award such actual damages as may have been occasioned by a withholding over after a breach of the covenants of the lease; and in addition may, *if the circumstances of the case justify it*, award to the plaintiff by way of punitive damages a sum equal to treble the amount of the rent then due"—citing section 1174 of the Code of Civil Procedure. (Italics ours.)

We are of the opinion that the court below properly exercised the discretion vested in it by section 1174 of the Code of Civil Procedure, and the judgment is affirmed.

Works, P. J., and Craig, J., concurred.